HENRY ENDIES' EXR. *v.* HARRIETT HARRISON ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—618.]

**Creditors May Force the Sale of an Interest in Property Held by Their Debtor.**

> Where brothers purchase real estate and the title is conveyed to one of them, and the property is improved by both and held for nearly twenty years, the one holding the conveyance never asserting the entire ownership, can not as against the creditors of the other maintain that he alone owns the property. The interest of the other may be subjected by the creditors to the payment of their claims.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

January 13, 1883.

OPINION BY JUDGE PRYOR:

The conveyance from Trimble to Henry Endies was made in the year 1857, and the extension of the buildings owned by Robert Endies upon this lot, or a portion of it, was done in the year 1858. The two were brothers and had been connected in business relations for a great many years. They purchased and held real estate jointly, and sometimes, according to the statement of Henry Endies, the deed of conveyance would be taken to one instead of both. Robert, as Henry Endies admits, paid one-half the costs for erecting the buildings, and in this condition the property remained for nearly twenty years. No claim was set up by Henry Endies as absolute owner until the judgment was rendered in behalf of Robert Endies' creditors subjecting the property or Robert Endies' interest to the payment of the latter's debts. Henry Endies admits that his brother was to have one-half the property by paying one-half the purchase-money, and that this arrangement was made at the time the buildings were erected. It is unreasonable to suppose that Robert Endies would have erected buildings

and expended his own means in improving the porperty without any understanding in regard to his interest, and we can well see after the lapse of so many years that Henry Endies may have forgotten as to the manner in which his brother had accounted for his part of the purchase-money. It may have been, and doubtless was, partnership or joint funds that purchased the property in the first instance, and certainly after contributing to place such valuable buildings on the property by Robert Endies, and after the lapse of nineteen years, it would require the strongest and most satisfactory proof to satisfy the chancellor that the property had not been paid for.

After the death of Robert Endies taxes were paid upon his part of the property by his heirs or executors, and nothing is said about the ownership of the ground until after a judgment has been rendered to sell it. It is not necessary to discuss the question of *res adjudicata,* as the other facts in the case, we think, establish the right of the chancellor to sell the property.

The judgment below is therefore *affirmed.*

*Marshall & Kilgore, W. D. Greer, for appellant.*

*L. D. Husbands, for appellees.*